FILED
8:09 am Mar 22 2021
Clerk U.S. District Court
Northern District of Ohio
Cleveland

Aaron M. Ogletree, *pro se*
4822 Russell Avenue
Parma, Ohio 44134-1863
(440) 915-9154 (Mobile)
(216) 767-5020 (Home)
aaron.ogletree@outlook.com

*Pro se Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF OHIO

# EASTERN DIVISION

| | |
|---|---|
| AARON M. OGLETREE<br><br>  *Plaintiff,*<br><br>v.<br><br>KELLY M. KING, Esq., Individually and as Associate General Counsel<br>2121 Euclid Avenue, AC 327<br>Cleveland, Ohio 44115-2214<br><br>HARLAN M. SANDS, J.D., Individually and as President<br>2121 Euclid Avenue, AC 302<br>Cleveland, Ohio 44115-2214<br><br>DAVID H. GUNNING II, Individually and as Chair of the Board<br>2000 Prospect Avenue, Room 406<br>Cleveland, Ohio 44115-2318<br><br>TIMOTHY J. COSGROVE, Individually and as Vice Chair of the Board<br>2000 Prospect Avenue, Room 406<br>Cleveland, Ohio 44115-2318<br><br>STEPHEN F. KIRK, Individually and as Treasurer<br>2000 Prospect Avenue, Room 406<br>Cleveland, Ohio 44115-2318 | Case # 21CV500<br><br>**PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT**<br><br>Date: 03/19/2020<br>Time: 09:50 AM<br>Judge: Honorable J. Phillip Calabrese |

THOMAS W. ADLER, Individually and as
Trustee Development Officer
2000 Prospect Avenue, Room 406
Cleveland, Ohio 44115-2318

PATRICIA M. DEPOMPEI, Individually and as
Member of the Board
2000 Prospect Avenue, Room 406
Cleveland, Ohio 44115-2318

LEONARD A. KOMOROSKI, Individually and as
Member of the Board
2000 Prospect Avenue, Room 406
Cleveland, Ohio 44115-2318

LISA K. KUNKLE, Individually and as
Member of the Board
2000 Prospect Avenue, Room 406
Cleveland, Ohio 44115-2318

DAVID M. REYNOLDS, Individually and as
Member of the Board
2000 Prospect Avenue, Room 406
Cleveland, Ohio 44115-2318

VANESSA L. WHITING, Individually and as
Member of the Board
2000 Prospect Avenue, Room 406
Cleveland, Ohio 44115-2318

*Defendants.*

Plaintiff Aaron M. Ogletree, *pro se*, brings this action against Defendants Kelly M. King, Harlan M. Sands, David H. Gunning II, Timothy J. Cosgrove, Stephen F. Kirk, Thomas W. Adler, Patricia M. DePompei, Leonard A. Komoroski, Lisa K. Kunkle, David M. Reynolds, Vanessa L. Whiting and John/Jane Doe(s) pursuant to the Civil Rights Act of 1871 and its implementing regulation at 42 U.S.C. § 1983 for the deprivation of rights secured by the Fourth Amendment and the Due Process Clause of the Fourteenth Amendments to the United States Constitution.

## STATEMENT OF THE PARTIES AND INDIVIDUALS

1. Plaintiff Aaron M. Ogletree ("Ogletree" or "Plaintiff") is a 24-year-old male who resides at 4822 Russell Avenue, Parma, Ohio 44134-1863 and, for all times relevant to this action, was enrolled as a full-time student at Cleveland State University.

2. Cleveland State University Board of Trustees ("the Board") is the governing body of Cleveland State University ("CSU" or "the University") and is a State University organized under the laws of the State of Ohio with its principal place of business located at 2121 Euclid Avenue, Cleveland, Ohio 44115-2214.

3. Defendant Kelly M. King, Esq., ("Mrs. King") is a female, who at all times relevant to this action, to the best of Plaintiff's knowledge, served as the Associate General Counsel for Cleveland State University's Office of General Counsel, and was acting under color of law within the course and scope and in furtherance of her employment. Mrs. King is a "person" under 42 U.S.C. § 1983. Mrs. King is named in her official and individual capacities.

3. Defendant Harlan M. Sands, J.D., ("President Sands") is a male, who at all times relevant to this action, to the best of Plaintiff's knowledge, served as the President of Cleveland State University, and was acting under color of law within the course and scope and in furtherance of his employment. President Sands is a "person" under 42 U.S.C. § 1983. President Sands is named in his official and individual capacities.

4. Defendant David H. Gunning II, ("Chair Gunning II") is a male, who at all times relevant to this action, to the best of Plaintiff's knowledge, served as the Chair of Cleveland State University's Board of Trustees, and was acting under color of law within the course and scope and in furtherance of his employment. Chair Gunning II is a "person" under 42 U.S.C. § 1983. Chair Gunning II is named in his official and individual capacities.

5. Defendant Timothy J. Cosgrove, ("Vice Chair Cosgrove") is a male, who at all times relevant to this action, to the best of Plaintiff's knowledge, served as the Vice Chair of Cleveland State University's Board of Trustees, and was acting under color of law within the course and scope and in furtherance of his employment. Vice Chair Cosgrove is a "person" under 42 U.S.C. § 1983. Vice Chair Cosgrove is named in his official and individual capacities.

6. Defendant Stephen F. Kirk, ("Treasurer Kirk") is a male, who at all times relevant to this action, to the best of Plaintiff's knowledge, served as the Treasurer of Cleveland State University's Board of Trustees, and was acting under color of law within the course and scope and in furtherance of his employment. Treasurer Kirk is a "person" under 42 U.S.C. § 1983. Treasurer Kirk is named in his official and individual capacities.

7. Defendant Thomas W. Adler, ("Trustee Development Officer Adler") is a male, who at all times relevant to this action, to the best of Plaintiff's knowledge, served as the Trustee Development Officer of Cleveland State University's Board of Trustees, and was acting under color of law within the course and scope and in furtherance of his employment. Trustee Development Officer Adler is a "person" under 42 U.S.C. § 1983. Trustee Development Officer Adler is named in his official and individual capacities.

8. Defendant Patricia M. DePompei, ("Member DePompei") is a female, who at all times relevant to this action, to the best of Plaintiff's knowledge, served as a Member of Cleveland State University's Board of Trustees, and was acting under color of law within the course and scope and in furtherance of her employment. Member DePompei is a "person" under 42 U.S.C. § 1983. Member DePompei is named in her official and individual capacities.

9. Defendant Leonard A. Komoroski, ("Member Komoroski") is a male, who at all times relevant to this action, to the best of Plaintiff's knowledge, served as a Member of Cleveland State University's Board of Trustees, and was acting under color of law within the course and scope and in furtherance of his employment. Member Komoroski is a "person" under 42 U.S.C. § 1983. Member Komoroski is named in his official and individual capacities.

10. Defendant Lisa K. Kunkle, ("Member Kunkle") is a female, who at all times relevant to this action, to the best of Plaintiff's knowledge, served as a Member of Cleveland State University's Board of Trustees, and was acting under color of law within the course and scope and in furtherance of her employment. Member Kunkle is a "person" under 42 U.S.C. § 1983. Member Kunkle is named in her official and individual capacities.

11. Defendant David M. Reynolds, ("Member Reynolds") is a male, who at all times relevant to this action, to the best of Plaintiff's knowledge, served as a Member of Cleveland State University's Board of Trustees, and was acting under color of law within the course and scope and in furtherance of his employment. Member Reynolds is a "person" under 42 U.S.C. § 1983. Member Reynolds is named in his official and individual capacities.

12. Defendant Vanessa L. Whiting, ("Member Whiting") is a female, who at all times relevant to this action, to the best of Plaintiff's knowledge, served as a Member of Cleveland State University's Board of Trustees, and was acting under color of law within the course and scope and in furtherance of her employment. Member Whiting is a "person" under 42 U.S.C. § 1983. Member Whiting is named in her official and individual capacities.

13. Defendant(s) John/Jane Doe(s) is the unknown person or persons of Cleveland State University's Office of University Compliance responsible for ensuring the University's activities are in compliance will all laws, regulations, and policies, and were acting under color of law within the course and scope and in

furtherance of their employment. Defendant(s) John/Jane Doe(s) are "person(s)" under 42 U.S.C. § 1983. Defendant(s) John/Jane Doe(s) are named in their official and individual capacities.

14. Defendant(s) John/Jane Doe(s) is the unknown person or persons contracted and/or employed by Cleveland State University who implemented, reviewed, published, and/or enforced a blanket search policy for the University's remotely administered examinations, and were acting under color of law within the course and scope and in furtherance of their employment. Defendant(s) John/Jane Doe(s) are "person(s)" under 42 U.S.C. § 1983. Defendant(s) John/Jane Doe(s) are named in their official and individual capacities.

15. Mrs. King, President Sands, Chair Gunning II, Vice Chair Cosgrove, Treasurer Kirk, Trustee Development Officer Adler, Member DePompei, Member Komoroski, Member Kunkle, Member Reynolds, Member Whiting, and Defendant(s) John/Jane Doe(s) are collectively referred to herein as "Defendants."

## STATEMENT OF JURISDICTION AND VENUE

16. Federal Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 as one or more of Plaintiff's claims arise "under the Constitution, laws, or treaties of the United States."

17. Supplemental Jurisdiction over Plaintiff's state law claims is invoked pursuant to 28 U.S.C. § 1367 as the state law claims are so related to the claims within which this Court has original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution."

18. Venue is conferred under 28 U.S.C. § 1391 (B)(2) as a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of Ohio. Further, venue is proper in the Cleveland Office pursuant to Local Rule 3.8(a) of this Court as a substantial part of the events or omissions giving rise to the claims occurred within Cuyahoga County.

## STATEMENT OF FACTS

19. This is a civil rights action for injunctive relief and monetary damages pursuant to the Civil Rights Act of 1871 and its implementing regulation at 42 U.S.C. § 1983 for the deprivation of student rights to be free

from unreasonable searches and seizures in their own home as secured by the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

20. Defendants were working in their official capacity as Officials of the State of Ohio as the authority was granted pursuant to Ohio law.

21. On or about May 19th, 2020, Plaintiff was admitted to Cleveland State University with a declared major of Chemistry.

22. Following the completion of the Fall Semester of 2020, Plaintiff enrolled in the following five courses and paid-in-full all applicable tuition and fees for the Spring Semester of 2021: 1. Introductory Biology II; 2. Introductory Biology II Lab; 3. General Chemistry II; 4. General Chemistry II Lab; and 4. German II.

23. Due to the current global pandemic, many – if not most – courses offered by the University for the Spring Semester of 2021 are being provided in a remote format where students access and attend their courses using Blackboard and/or Zoom.

24. All students attending courses or examinations in-person on the University campus are required to complete a Daily Health Assessment ("DHA") to determine if it is safe for the student to be on campus.

25. Students who fail the DHA or test positive for COVID-19 are prohibited from attending courses or taking examinations on campus.

26. A student who attempts to attend courses or examinations on-campus after having failed the DHA or testing positive for COVID-19 will face disciplinary action.

27. Students who attend their courses remotely, including Plaintiff, often do so from their own homes, bedrooms, offices, dorms, and other locations where there is a reasonable expectation of privacy using their own personal and private devices.

28. Plaintiff is registered with and receives accommodations for all the above courses through the Office of Disability Services ("ODS") of the University.

29. One ODS approved accommodation is the extension of time to complete examinations which are proctored by the Testing Services of the University.

30. On or about January 11th, 2021, prior to the beginning of the Spring 2021 Semester, Plaintiff disputed a policy in the Syllabus for one of his courses which stated: "The proctors and I reserve the right to ask any student, before, during, or after an exam to show their surroundings, screen, and/or work area. We will send you a private chat to ask you to do this. If you do not see the chat message, I will use the microphone to ask you to check the chat."

31. On or about January 14th, 2021, the disputed policy was removed by the instructor of the course voluntarily.

32. On or about January 18th, 2021, the dispute was forwarded to Mrs. King for response by the Chair of the academic department at CSU.

33. On or about January 18th, 2021, Mrs. King responded to Plaintiff's Dispute by email stating that "[Her] assessment is that the syllabus requirements do not violate constitutional rights." and that Plaintiff was "permitted to take examinations in the CSU Testing Center instead of [his] home." Mrs. King also notified Plaintiff that the policy was withdrawn from the Syllabus in this email.

34. With the policy having been withdrawn, Plaintiff was satisfied and dropped his dispute.

35. On or about February 17th, 2021, at 10:25 AM CSU's Testing Services emailed Plaintiff at his University email address with instructions for the first exam of his General Chemistry II Course and notified him that the proctors would be "checking [his] ID, [his] surroundings and [his] materials…"

36. On or about February 17th, 2021, at 10:40 AM Plaintiff sent an email to Mrs. King with the hopes that the email from CSU's Testing Services was a "miscommunication" and that Mrs. King would correct the error before Plaintiff's exam.

37. On or about February 17th, 2021, at approximately 12:30 AM CSU's Testing Services proctors conducted a search of Plaintiff and his surroundings by requiring Plaintiff to pan his laptop's webcam around his bedroom for the proctors and all present students to see.

38. The search conducted by CSU's Testing Services proctors yielded no evidence of violation of University policy, laws, or any other evidence of misconduct or cheating and Plaintiff was provided the password to enter the examination.

39. On or about February 17th, 2021, at approximately 12:34 PM CSU's Testing Services proctors proctored Plaintiff's examination by monitoring Plaintiff through his laptop's webcam as he completed his examination.

40. On or about February 17th, 2021, at approximately 1:15 PM, Plaintiff submitted his completed examination and received a final score of 95% and 99% with the addition of the points he received from the "clean-up quiz" administered after the examination.

41. Prior to the 10:25 AM email from CSU's Testing Center, Plaintiff had believed that the blanket search policies implemented by the University were withdrawn after his dispute earlier in the year.

42. On or about February 22nd, 2021, Plaintiff received an email from CSU's Director of Testing Services stating that the search conducted by the proctors was "part of the check-in process and required as a stated academic integrity procedure."

43. On or about February 22nd, 2021, at 4:00 PM Plaintiff emailed the Director of Testing Services asking what CSU's policy was for a student who refused the search and if CSU was forcing students into harm's way by requiring that they take exams in person if they refuse to consent to being searched.

44. Plaintiff received no response to this email.

45. On or about February 23rd, 2021, at 12:42 PM, Plaintiff emailed President Sands informing him of his personal medical conditions and that his relatives are immunocompromised and would "almost certainly die if they contract COVID" and requested that he "assist [him] in reversing these policies."

45. Plaintiff received no response to this email either.

46. Due to the current global pandemic, students who are immunocompromised, have immunocompromised relatives, fail the DHA, and/or test positive for COVID-19 cannot opt-out of the blanket search policies implemented at CSU as they are prohibited from appearing on campus until authorization is granted by the University or because it would threaten their own health and/or the health of their relatives.

47. A student who refuses to submit to the search conducted by Testing Services proctors will not be given the password for the examination and/or their examination score will be recorded as a zero.

48. The majority of students attending the University are adults, however, there may be individuals under the age of 18 as well.

## **COUNT I – FOURTH AMENDMENT VIOLATIONS**

49. Plaintiff incorporates all the above paragraphs as if fully rewritten herein.

50. Plaintiff brings this claim against all Defendants, jointly and severally.

51. Plaintiff brings this claim pursuant to the Civil Rights Act of 1871 and its implementing regulation at 42 U.S.C. § 1983 for conducting unreasonable searches and seizures of Plaintiff and his personal devices in contravention to the protections guaranteed by the Fourth Amendment to the United States Constitution.

52. Defendants are not entitled to qualified immunity as they have violated a constitutional right that was clearly established at the time of the Defendant's misconduct and any reasonable individual in their position would have known such acts were a violation of Plaintiff's constitutional rights.

53. Defendants are persons for purposes of 42 U.S.C. § 1983 liability.

54. Defendants are final policy makers for purposes of 42 U.S.C. § 1983 liability.

55. Defendants acted under color of state law while providing higher education services as officials of the State of Ohio.

56. Defendants were aware of Plaintiff's intention to refuse any search conducted under the blanket search policy which he disputed earlier in the year.

57. Plaintiff was surprised by the 10:25 email notifying him of Defendants' intention to search him and his workspace only hours before the exam was scheduled to begin.

58. Due to the Defendants' delayed notification, Plaintiff was not provided reasonable time to arrange for the examination to be conducted on-campus to opt-out of Defendants' search policy.

59. Even if Plaintiff were given a reasonable notification of Defendants' intention to conduct the search, Plaintiff would not have been able to opt-out of the search as he fails the DHA and he has safety concerns for himself and his immunocompromised relatives preventing him from attending courses or examinations on-campus.

60. Defendants did not provide Plaintiff with any reasonable opportunity to opt-out of their search blanket search policy.

61. Due to having no other options but to submit to the search and take his examination or refuse the search and receive a zero for the examination on his academic record, Plaintiff reluctantly permitted the search to occur.

62. Defendants' blanket search policy lacks individualized suspicion or evidence of past or ongoing violation of University policy or any laws.

63. Defendants' blanket search policy is exceptionally broad and grants the University officials the authority to search students, their private workspaces, and their private devices.

64. Defendants' blanket search policy lacks evidence that any search conducted as a result of the invocation of the policy will uncover evidence of any past or ongoing violation of University policy or the law.

65. Defendants did not obtain consent from Plaintiff to search him, his bedroom, his device, or his personal effects.

66. Defendants' blanket search policy is unreasonable given the age of the students, the nature of the alleged infraction, and the extensive breach of privacy that would result from such a search within the scope of

the policy; even when considering the University's legitimate interest in enforcing its policies and maintaining academic integrity.

## COUNT II – FOURTEENTH AMENDMENT DUE PROCESS CLAUSE VIOLATIONS

67. Plaintiff incorporates all the above paragraphs as if fully rewritten herein.

68. Plaintiff brings this claim against all Defendants, jointly and severally.

69. Plaintiff brings this claim pursuant to the Civil Rights Act of 1871 and its implementing regulation at 42 U.S.C. § 1983 for conducting unreasonable searches and seizures of Plaintiff, his personal devices, his bedrooms, and his personal effects in contravention to the protections guaranteed by the Fourth Amendment to the U.S. Constitution without affording him proper due process as prescribed by the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

70. Defendants are not entitled to qualified immunity as they have violated Plaintiff's constitutional rights that were clearly established at the time of Defendants' misconduct and any reasonable individual in their position would have known such acts violated Plaintiff's constitutional rights.

71. Defendants are persons for purposes of 42 U.S.C. § 1983 liability.

72. Defendants are final policy makers for purposes of 42 U.S.C. § 1983 liability.

73. Defendants acted under color of law while providing higher education services as officials of the State of Ohio.

74. Defendants did not obtain a search warrant authorizing them to search Plaintiff prior to his examination.

75. Defendants did not have reasonable suspicion that Plaintiff violated or was violating University policy or any laws.

76. Defendants did not limit their search to a scope which was reasonable given their suspicions and information.

77. Defendants did not obtain Plaintiff's consent prior to conducting their search.

78. Defendants coerced Plaintiff to submit to their search under threat of receiving a zero on his General Chemistry examination.

79. Defendants did not provide Plaintiff with any reasonable ability to opt-out of their blanket search policy.

## **COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

80. Plaintiff incorporates all the above paragraphs as if fully rewritten herein.

81. Plaintiff brings this claim against all Defendants, jointly and severally.

82. Defendants are not entitled to qualified immunity as Plaintiff's constitutional rights that were clearly established at the time of Defendants' misconduct and any reasonable individual in their position would have known such acts violated Plaintiff's constitutional rights.

83. Plaintiff suffered mental anguish when he was subjected to an illegal search under threat of the entry of favorable grades to his academic record.

84. Plaintiff suffered mental anguish and embarrassment when the search he was subjected to disclosed personal and private information such as his social security number and the number of prescriptions he takes and their names to the students and proctors present in the Zoom meeting during the course of the search.

85. Plaintiff suffered mental anguish and embarrassment when the search he was subjected to forced him to display his bedroom in its entirety to the other students and proctors present in the Zoom meeting.

86. When conducting an illegal search and refusing to remove their blanket search policies, Defendants either intended to cause Plaintiff emotional distress or knew or should have known that their actions would result in serious emotional distress to Plaintiff.

87. Defendants' conduct was so egregious as to go beyond all bounds of decency and was such that can be considered utterly intolerable in a civilized society.

89. Defendants' actions were the proximate cause of Plaintiff's psychic injury.

90. The mental anguish suffered by Plaintiff has existed since he was subjected to Defendants' illegal policies and searched against his will and is of a nature that no reasonable person could be expected to endure.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Aaron M. Ogletree respectfully requests that this Honorable Court award the following request relief and such other relief as this Honorable Court deems just and proper in order to make Plaintiff whole:

1. Declaring that the complained of herein are unlawful and violate the aforementioned bodies of law;
2. Entering an order enjoining and restraining Defendants from:
    a. Implementing or enforcing blanket search policies authorizing the search of students for any reason;
    b. Attempting to search students without reasonable suspicion or evidence of past or ongoing violation of University policy or any laws; and
    c. Any other protections this Court deems just and proper to protect Plaintiff and all other students of the University.
3. Awarding Plaintiff compensatory damages in an amount to be determined at trial;
4. Awarding Plaintiff reasonable attorney's fees pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. §1988(b); and
5. Awarding Plaintiff the costs of this action.

## **VERIFICATION**

Pursuant to 28 U.S.C. §1796, Plaintiff Aaron M. Ogletree hereby declares and verifies under penalty of perjury that the facts and information contained in the foregoing First Amended Verified Complaint are true and correct to the best of his knowledge.

DATED: 03/19/2021

    Respectfully submitted,

    Aaron M. Ogletree
    4822 Russell Avenue
    Parma, Ohio 44134-1863
    (440) 915-9154 (Mobile)
    (216) 767-5020 (Home)
    Aaron.ogletree@outlook.com