**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **AARON M. OGLETREE** | : | |
| | : | |
| *Plaintiff* | : | Case No. 1:21-cv-00500 |
| | : | |
| v. | : | |
| | : | Judge Calabrese |
| **CLEVELAND STATE UNIVERSITY,** *et al* | : | |
| | : | |
| *Defendants* | : | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants Cleveland State University, Cleveland State University Board of Trustees, and President Sands, respond to Plaintiff's Second Amended Complaint ("Second Amended Complaint") as follows:

**ANSWER**

1. As to the allegations in Paragraph 1 of Plaintiff's Second Amended Complaint, Defendants admit that students learn and test online, some from their home. Defendants do not answer the remaining allegations as it contains no factual allegations against the Defendants but merely attempts to state a conclusion of law, which does not require a response.

2. Defendants deny the allegations in Paragraph 2 of Plaintiff's Second Amended Complaint that the University's policy violates the Fourth and Fourteenth Amendments. Defendants do not answer the remaining allegations in Paragraph 2 of Plaintiff's Second Amended Complaint as it contains no factual allegations against the Defendants but merely attempts to state a conclusion of law, which does not require a response.

3. Defendants admit the matters set forth in Paragraph 3 of Plaintiff's Second Amended Complaint.

4. As to the allegations in Paragraph 4 of Plaintiff's Second Amended Complaint, Defendants admit that Defendant Cleveland State University is a public university in Ohio. Defendants do not answer the remaining allegations in Paragraph 4 of Plaintiff's Second Amended Complaint as it contains no factual allegations against the Defendants but merely attempts to state a conclusion of law, which does not require a response.

5. As to the allegations in Paragraph 5 of Plaintiff's Second Amended Complaint, Defendants admit that Defendant Cleveland State University Board of Trustees is the governing body of CSU. Defendants do not answer the remaining allegations in Paragraph 5 of Plaintiff's Second Amended Complaint as it contains no factual allegations against the Defendants but merely attempts to state a conclusion of law, which does not require a response.

6. As to the allegations in Paragraph 6 of Plaintiff's Second Amended Complaint, Defendants admit that Defendant Sands is the President of Cleveland State. Defendants do not answer the remaining allegations in Paragraph 6 of Plaintiff's Second Amended Complaint as it contains no factual allegations against the Defendants but merely attempts to state a conclusion of law, which does not require a response.

7. As to the allegations in Paragraph 7 of Plaintiff's Second Amended Complaint, Defendants do not answer the allegations in Paragraph 7 of Plaintiff's Second Amended Complaint as it contains no factual allegations against the Defendants but merely attempts to state a conclusion of law, which does not require a response.

8. As to the allegations in Paragraph 8 of Plaintiff's Second Amended Complaint, Defendants admit that Defendants Sands and the Board are policymaking officials for CSU.

9. Defendants do not answer Paragraph 9 of Plaintiff's Second Amended Complaint as it contains no factual allegations against Defendants but merely attempts to state a conclusion of law, which does not require a response.

10. As to Paragraph 10 of Plaintiff's Second Amended Complaint, Defendants admit the allegations the events giving rise to this Second Amended Complaint occurred in this District. Defendants do not answer the remaining allegations in Paragraph 10 as it contains no factual allegations against Defendants but merely attempts to state a conclusion of law, which does not require a response.

11. As to Paragraph 11 of Plaintiff's Second Amended Complaint, Defendants admit that CSU offers some classes remotely.

12. As to Paragraph 12 of Plaintiff's Second Amended Complaint, Defendants admit that CSU used remote learning prior to the COVID pandemic and that its use of online classes has increased during the pandemic.

13. As to Paragraph 13 of Plaintiff's Second Amended Complaint, Defendants admit that it published a document called "Required Procedures & Recommended Practices to Address Security and Quality of eLearning Courses" in March 2017.

14. Defendants admit the allegations in Paragraph 14 of Plaintiff's Second Amended Complaint.

15. Defendants admit the allegations in Paragraph 15 of Plaintiff's Second Amended Complaint.

16. Defendants admit the allegations in Paragraph 16 of Plaintiff's Second Amended Complaint.

17. Defendants admit the allegations in Paragraph 17 of Plaintiff's Second Amended Complaint.

18. Defendants admit the allegations in Paragraph 18 of Plaintiff's Second Amended Complaint.

19. Defendants admit the allegations in Paragraph 19 of Plaintiff's Second Amended Complaint.

20. Defendants admit the allegations in Paragraph 20 of Plaintiff's Second Amended Complaint.

21. Defendants admit the allegations in Paragraph 21 of Plaintiff's Second Amended Complaint.

22. Defendants admit the allegations in Paragraph 22 of Plaintiff's Second Amended Complaint.

23. Defendants admit the allegations in Paragraph 23 of Plaintiff's Second Amended Complaint.

24. Defendants admit the allegations in Paragraph 24 of Plaintiff's Second Amended Complaint.

25. Defendants admit the allegations in Paragraph 25 of Plaintiff's Second Amended Complaint.

26. Defendants admit the allegations in Paragraph 26 of Plaintiff's Second Amended Complaint.

27. Defendants admit the allegations in Paragraph 27 of Plaintiff's Second Amended Complaint.

28. Defendants admit the allegations in Paragraph 28 of Plaintiff's Second Amended Complaint.

29. Defendants admit the allegations in Paragraph 29 of Plaintiff's Second Amended Complaint.

30. Defendants admit the allegations in Paragraph 30 of Plaintiff's Second Amended Complaint.

31. Defendants admit the allegations in Paragraph 31 of Plaintiff's Second Amended Complaint.

32. Defendants admit the allegations in Paragraph 32 of Plaintiff's Second Amended Complaint.

33. Defendants admit the allegations in Paragraph 33 of Plaintiff's Second Amended Complaint.

34. As to Paragraph 34 of Plaintiff's Second Amended Complaint, Defendants admit that CSU does not require a full room scan in every class that conducts remote testing but denies the remaining allegations in Paragraph 34.

35. Defendants admit the allegations in Paragraph 35 of Plaintiff's Second Amended Complaint.

36. As to Paragraph 36 of Plaintiff's Second Amended Complaint, Defendants admit that students cannot opt out of a room scan, but Defendants deny the remaining allegations in Paragraph 36 of Plaintiff's Second Amended Complaint. Defendants specifically deny that the scans constitute searches.

37. As to Paragraph 37 of Plaintiff's Second Amended Complaint, Defendants deny the allegations.

38. As to Paragraph 38 of Plaintiff's Second Amended Complaint, Defendants admit that Plaintiff was admitted to Cleveland State University, but deny the remaining allegations in Paragraph 38 of Plaintiff's Second Amended Complaint for lack of knowledge.

39. As to Paragraph 39 of Plaintiff's Second Amended Complaint, Defendants admit that Plaintiff enrolled for Spring Semester 2021, but deny the remaining allegations in Paragraph 39 of Plaintiff's Second Amended Complaint for lack of knowledge.

40. As to Paragraph 40 of Plaintiff's Second Amended Complaint, Defendants admit that due to the pandemic most courses offered by the University during the Spring 2021 Semester were conducted remotely.

41. As to Paragraph 41 of Plaintiff's Second Amended Complaint, Defendants admit that students who attend their courses remotely sometimes do so from their own homes, dorm rooms, and other places, but deny the remaining allegations in Paragraph 41 of Plaintiff's Second Amended Complaint.

42. Defendants deny the allegations in Paragraph 42 of Plaintiff's Second Amended Complaint.

43. Defendants deny the allegations in Paragraph 43 of Plaintiff's Second Amended Complaint for lack of knowledge.

44.  Defendants deny the allegations in Paragraph 44 of Plaintiff's Second Amended Complaint for lack of knowledge.

45. Defendants deny the allegations in Paragraph 45 of Plaintiff's Second Amended Complaint for lack of knowledge.

46. Defendants deny the allegations in Paragraph 46 of Plaintiff's Second Amended Complaint for lack of knowledge.

47. Defendants deny the allegations in Paragraph 47 of Plaintiff's Second Amended Complaint for lack of knowledge.

48. Defendants deny the allegations in Paragraph 48 of Plaintiff's Second Amended Complaint for lack of knowledge.

49. Defendants admit the allegations in Paragraph 49 of Plaintiff's Second Amended Complaint.

50. Defendants admit the allegations in Paragraph 50 of Plaintiff's Second Amended Complaint.

51. Defendants admit the allegations in Paragraph 51 of Plaintiff's Second Amended Complaint.

52. Defendants have attached a copy of the email referenced in Paragraph 52 of Plaintiff's Second Amended Complaint as Exhibit 1 to this answer, admit that it was sent on the date alleged, and state that the email speaks for itself.

53. Defendants admit the allegations in Paragraph 53 of Plaintiff's Second Amended Complaint.

54. Defendants deny the allegations in Paragraph 54 of Plaintiff's Second Amended Complaint for lack of knowledge.

55. Defendants deny the allegations in Paragraph 55 of Plaintiff's Second Amended Complaint for lack of knowledge.

56. As to paragraph 56 of Plaintiff's Second Amended Complaint, the Defendants admit that Plaintiff was asked to briefly pan the immediate surroundings where he chose to take the

test, and admit that Plaintiff partially did so. Further answering, Defendants state that, as will be shown by the video referenced in Doc. No. 10 the pan lasted a matter of seconds and revealed nothing more than a grainy image of part of the floor near Plaintiff. Defendants deny that that any search was requested or conducted by virtue of the matters alleged in paragraph 56 of Plaintiff's Second Amended Complaint and deny the balance of the matters alleged in that paragraph.

57. Defendants deny the allegations in Paragraph 57 of Plaintiff's Second Amended Complaint.

58. Defendants admit the allegations in Paragraph 58 of Plaintiff's Second Amended Complaint.

59. Defendants admit the allegations in Paragraph 59 of Plaintiff's Second Amended Complaint, but deny that the Proctors observed anything beyond Plaintiff himself and the other students taking the test.

60. Defendants deny the allegations in Paragraph 60 of Plaintiff's Second Amended Complaint.

61. Defendants deny the allegations in Paragraph 61 of Plaintiff's Second Amended Complaint.

62. In response to Paragraph 62 of Plaintiff's Second Amended Complaint, Defendants incorporate all of their previous responses in this Answer as if fully rewritten herein.

63. Defendants deny each allegation in Paragraph 63 of Plaintiff's Second Amended Complaint to the extent it contains factual allegations. To the extent that said paragraph sets forth legal conclusions, no response is required.

64. Defendants deny each allegation in Paragraph 64 of Plaintiff's Second Amended Complaint to the extent it contains factual allegations. To the extent that said paragraph sets forth legal conclusions, no response is required.

65. Defendants deny each allegation in Paragraph 65 of Plaintiff's Second Amended Complaint to the extent it contains factual allegations. To the extent that said paragraph sets forth legal conclusions, no response is required.

66. Defendants deny each allegation in Paragraph 66 of Plaintiff's Second Amended Complaint to the extent it contains factual allegations. To the extent that said paragraph sets forth legal conclusions, no response is required.

67. Defendants deny each allegation in Paragraph 67 of Plaintiff's Second Amended Complaint to the extent it contains factual allegations. To the extent that said paragraph sets forth legal conclusions, no response is required.

68. Defendants deny each allegation in Paragraph 68 of Plaintiff's Second Amended Complaint to the extent it contains factual allegations. To the extent that said paragraph sets forth legal conclusions, no response is required.

69. Defendants deny each allegation in Paragraph 69 of Plaintiff's Second Amended Complaint to the extent it contains factual allegations. To the extent that said paragraph sets forth legal conclusions, no response is required.

70. Defendants deny each allegation in Paragraph 70 of Plaintiff's Second Amended Complaint to the extent it contains factual allegations. To the extent that said paragraph sets forth legal conclusions, no response is required.

71. Defendants deny each allegation in Paragraph 71 of Plaintiff's Second Amended Complaint to the extent it contains factual allegations. To the extent that said paragraph sets forth legal conclusions, no response is required.

72. Defendants hereby deny all matters set forth in Plaintiff's Second Amended Complaint not expressly admitted above.

WHEREFORE, having answered Plaintiff's allegations, Defendants deny that any actions towards Plaintiff were unlawful. Defendants further deny that Plaintiff is entitled to any of the relief requested or to any relief whatsoever. Defendants hereby assert the following Additional Defenses, which may include one or more affirmative defenses.

## Additional Defenses

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Defendants did not conduct an unreasonable search and seizure, or engage in any unlawful conduct against Plaintiff at any time, and their actions were reasonable, not coerced, and based on a legitimate regulatory purpose.

3. Plaintiff's claims are barred in whole or in part by waiver and/or estoppel.

4. Plaintiff's claims are barred by his comparative and or contributory negligence.

5. Defendants reserve the right to assert additional defenses and move to dismiss all or some of Plaintiff's claims as this case and discovery progress.

**WHEREFORE**, Defendants pray that:

A. Plaintiff's claims against them be dismissed with prejudice and at Plaintiffs' cost; and

B. The Court award Defendants the costs of this litigation, and all other relief that is appropriate.

Respectfully submitted,

**DAVE YOST (0056290)**
**Ohio Attorney General**

*/s/ Todd R. Marti*

TODD R. MARTI (0019280)
*Trial Counsel*
ASHLEY A. BARBONE (0083666)
Assistant Attorneys General
Office of the Ohio Attorney General
Education Section
30 E. Broad Street, 16th Floor
Columbus, OH 43215
Telephone: (614) 644-7250
Facsimile: (614) 644-7634
Todd.Marti@OhioAGO.gov
Ashley.Barbone@OhioAGO.gov

*Counsel for Defendants CSU, President Sands, and the Board of Trustees*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the forgoing was filed electronically on June 1, 2021. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Todd Marti*

TODD R. MARTI (0019280)
Assistant Attorney General