UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AARON M. OGLETREE, | Case No. 1:21-cv-00500 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | |
| CLEVELAND STATE UNIVERSITY, | |
| Defendant. | |

## OPINION AND ORDER

On August 22, 2022, the Court granted Plaintiff's motion for summary judgment and denied Defendant's. Cleveland State moves for reconsideration in three respects. Each turns on what Defendant calls a "finding" that Cleveland State would not permit Mr. Ogletree to take his tests in-person on campus. (*See* ECF No. 37, PageID #551.) For the reasons that follow, the Court **GRANTS IN PART** Defendant's motion (ECF No. 42).

## STANDARD OF REVIEW

Strictly speaking, "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action . . . and may be revisited at any time before the entry of judgment[.]" Fed. R. Civ. P. 54(b). And the Court's prior Opinion and Order did not constitute a final judgment, rendering it subject to revision at any time under Rule 54(b). Nonetheless, courts generally look to the reasons for altering or amending a judgment under

Rule 59 or obtaining relief from a judgment under Rule 60 when considering requests to revisit prior decisions, and Defendant seeks reconsideration under these Rules.

Justifying reconsideration requires a moving party to: (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or reconsideration is necessary to prevent manifest injustice. *See Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). A district court retains the discretion to entertain such a motion. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004). Further, a district court does not abuse its discretion in denying a motion for reconsideration when it is premised on evidence or arguments available to the party at the time of the original judgment. *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989). After all, such motions are aimed at *reconsideration*, not initial consideration. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

## ANALYSIS

Defendant bases its motion on what it considers an erroneous factual finding that Cleveland State did not permit Mr. Ogletree to take his tests in-person on campus. (ECF No. 42, PageID #594.) But the Court's Opinion was clear: what Defendant calls a factual finding was not one. Instead, the ruling merely recited an allegation that Plaintiff made without making any factual findings on that subject or giving it weight in its legal analysis. Indeed, the paragraph's topic sentence begins:

2

"[i]n the complaint." (ECF No. 37, PageID #551.) And the other sentences reference what "Plaintiff says" and "alleged." (*Id.*) Those allegations provide further background or context for non-parties who might be addressing similar issues or have a general interest in the case. With that understanding, the Court will clarify that portion of its Opinion and Order. (*Id.*, PageID #552.)

On reconsideration, Defendant attempts to introduce a new document. (ECF No. 42-1, PageID #601.) At this late date, this is not proper. In any event, that document does not really present new facts. Instead, it is an email exchange between Mr. Ogletree and an in-house lawyer for Cleveland State from January 2021 regarding his professor's amendment of her syllabus to alter the requirement for a room scan. In her email to Mr. Ogletree, Cleveland State's in-house lawyer represents that "upon request, [Mr. Ogletree is] permitted to take the examinations in the CSU Testing Center instead of [his] home." (*Id.*) In this regard, it does not materially alter the record before the Court on summary judgment, which already included evidence about the professor's change of policy and the late notice provided to Mr. Ogletree that he would, nonetheless, be subject to a room scan. (*See* ECF No. 37, PageID #551–52.) Therefore, it does not change the fundamental facts or legal analysis either.

Defendant also attempts to use the exchange to argue that Mr. Ogletree consented to the search. (ECF No. 42, PageID #598.) In its summary judgment papers, however, Cleveland State did *not* argue consent although it had the opportunity to do so. Accordingly, it is not a proper basis for reconsideration. In any

3

event, the issue is not fully joined now, and the Court has no occasion to consider whether "deemed consent" (based on Mr. Ogletree taking the test at home or enrolling in an online course) suffices or whether the Fourth Amendment might, instead, require actual or affirmative consent for a governmental invasion of the home.

Defendant also advances a procedural argument. It argues that a prior verified complaint, later superseded by the operative amended complaint, constitutes evidence for purposes of summary judgment and that the Court should have considered Plaintiff's verified assertion that Cleveland State permitted Mr. Ogletree to take his exams on campus. (ECF No. 42, PageID #595.) As a threshold matter, this argument was also available to Defendant on summary judgment, and it did not make it. Nor did Defendant argue this fact from the prior verified complaint.

Further, the case on which Defendant relies to support its argument does not deal with the procedural posture at hand. In *King v. Harwood*, 852 F.2d 568, 577–78 (6th Cir. 2017), the court stated the unremarkable proposition that a verified complaint presents evidence for consideration on summary judgment. It did not address whether that remains the case where, as here, the plaintiff later amends that verified complaint. Because Defendant did not previously make this argument and could have, the Court does not give it further consideration. In any event, the Court's legal analysis did not turn on the allegation that concerned Defendant. As noted, however, the Court will clarify its analysis in its Amended Opinion and Order.

4

Finally, Defendant contends that the factual corrections it proffers require amendment of the analysis of the two legal issues the parties disputed and the Court addressed on summary judgment. The Court addresses each in turn.

**I. Search**

Because Mr. Ogletree had the ability to avoid a room scan by testing in-person on campus, Defendant reargues its legal position, based on *Wyman v. James*, 400 U.S. 309 (1971), and its progeny that a room scan is not a search under the Fourth Amendment. (ECF No. 42, PageID #596.) In this regard, the Court previously analyzed this line of cases. (ECF No. 37, PageID #558–62.) Upon further consideration of those decisions and the parties' respective arguments, both in their original briefing and on reconsideration, the Court remains of the view previously stated that this line of cases applies to a set of circumstances which are not present here and are materially distinguishable from the undisputed facts in the summary judgment record.

Further, the Court notes that its prior analysis of whether a room scan constitutes a search did not turn on a person's ability to avoid it. Contrary to Defendant's claim (ECF No. 46, PageID #611), the Court addressed the argument that the Fourth Amendment has no application to any non-coerced "inspection" and rejected it. (ECF No. 37, PageID #562.) Indeed, the authorities on which Defendant relies—and the Court previously discussed (*see id.*, PageID #559)—involve consent specifically obtained before the search. *See Sanchez v. County of San Diego*, 464 F.3d 916, 919 (9th Cir. 2006); *S.L. v. Whitburn*, 67 F.3d 1299, 1302 (7th Cir. 1995);

5

*Marcavage v. Borough of Lansdowne, Pa.*, 826 F. Supp. 2d 732, 742 (E.D. Pa. 2011). Therefore, the Court does not alter or amend this portion of its Opinion and Order.

## II.     Reasonableness

Although Defendant does not argue that the allegation of Plaintiff's complaint on which it premises reconsideration affected the Court's analysis of the reasonableness of the room scans at issue (ECF No. 42, PageID #598), the Court will amend its analysis of the issue to clarify that discussion (*see* ECF No. 37, PageID #567).  To the extent Cleveland State simply disagrees with the Court's ruling and restates the same arguments it previously made, the Court rejects the invitation to revisit those matters now.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Defendant's motion (ECF No. 42) to alter, amend, or correct its Opinion and Order (ECF No. 37).  The Court will separately docket an Amended Opinion and Order clarifying its prior ruling as discussed in this ruling on Defendant's motion.  In addition to the clarifying edits discussed here (and corrections to a few typographical errors), the Court's Amended Opinion and Order will address the remedy for the Fourth Amendment violation at issue based on the parties' briefing and arguments.

With the benefit of review of Defendant's motion, the record, and the parties' prior briefs and arguments, the Court has reconsidered its analysis of the legal question presented.  In the Court's view, the issue and arguments Defendant raises in the motion require no further changes or amendments to the ruling beyond those outlined here and contained in the Amended Opinion and Order.

**SO ORDERED.**

Dated: December 20, 2022

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio